**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>□ 11-Recovery of money/property - §542 turnover of property<br>□ 12-Recovery of money/property - §547 preference<br>□ 13-Recovery of money/property - §548 fraudulent transfer<br>□ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>□ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>□ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>□ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>□ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br>□ 61-Dischargeability - §523(a)(5), domestic support<br>□ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>□ 63-Dischargeability - §523(a)(8), student loan<br>□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>□ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>□ 71-Injunctive relief – imposition of stay<br>□ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>□ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>□ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>□ 01-Determination of removed claim or cause<br><br>**Other**<br>□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Blackrock Burr Ridge, Inc.,** | Bankruptcy No. 17-33456 |
| Debtor. | Honorable Jacqueline P. Cox |
| MICHAEL K. DESMOND, not individually, but solely as Chapter 7 Trustee for the Bankruptcy Estate of BLACKROCK BURR RIDGE, INC., | Adversary No. |
| Plaintiff, | |
| v. | |
| **Norah Sheehan and Joseph Sheehan,** | |
| Defendants. | |

**COMPLAINT TO AVOID TRANSFERS AND OTHER RELIEF**

Michael K. Desmond, not individually but solely in his capacity as the chapter 7 trustee (the "*Trustee*" or "*Plaintiff*") for the bankruptcy estate (the "*Estate*") of Blackrock Burr Ridge, Inc. ("*Blackrock*"), complains as follows against Norah E. Sheehan ("*Norah*") and Joseph C. Sheehan ("*Joseph*", and together with Norah, "*Defendants*").

**NATURE OF THE CASE**

1. Pursuant to sections 544, 548, and 550 of 11 U.S.C. § 101 et seq. (the "*Bankruptcy Code*"), the Trustee seeks to avoid and recover from

{00139077 2}

Defendants or any other entity for whose such benefit certain Transfers[1] were made, any Transfers by the Debtor that occurred up to 10 years before the petition date that were made for less than reasonably equivalent value.

2. In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendants may assert against the Debtor. The Trustee does not waive but hereby reserves all rights and the rights of the estate to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) to (j) of the Bankruptcy Code.

## JURISDICTION

3. This adversary proceeding arises in Blackrock's chapter 7 bankruptcy case, pending before this Court as case number 17-33456 (the "*Case*").

4. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

5. This is a core proceeding under 28 U.S.C. §§157(b)(2)(E) and (H), and this Court has constitutional authority to enter final judgments and orders thereon. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering all appropriate orders and judgments on a final basis.

6. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

---

[1] Capitalized terms used but not defined in this section shall have the meaning ascribed such term *infra*.

2

## FACTS COMMON TO ALL COUNTS

7. On November 8, 2017 (the "***Petition Date***"), Blackrock filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing the Case.

### I. The Parties.

8. Plaintiff is the duly appointed chapter 7 trustee of the bankruptcy estate of Blackrock.

9. Blackrock is an active Illinois corporation.

10. Norah is, and has since 2007 been, a fifty percent (50%) shareholder of Blackrock.

11. Joseph is Norah's husband.

### II. The Transfer.

12. On January 27, 2016, the Clerk of the Circuit Court of Cook County issued check number 1605 (the "***Check***") payable to Blackrock Burr Ridge, Inc. and Kreamer Law Group, Inc. in the amount of $1,458,060.35.

13. On February 2, 2016, the Check was deposited into account number x6689 ("***Blackrock's Account***") at Grand Ridge National Bank and owned by Blackrock Burr Ridge Inc.

14. On February 2, 2016, Grand Ridge National Bank issued money order 041371 payable to Kreamer Law Group LLC in the amount of $103,000.00 and the funds debited from Blackrock's Account.

15. On February 9, 2016, the balance of the Check proceeds, $1,355,060.35, was transferred (the "***Transfer***") from Blackrock's Account to account number x2375 ("***Defendants' Account***") also held at Grand Ridge National Bank and owned by Joseph and Norah

16. The Transfer was made at Norah's direction.

17. On February 17, 2016, Norah debited $587,833.42 from Defendants' Account.

Document Page 6 of 14

18. Also on February 17, 2016, Norah debited $656,000.00 from Defendants' Account.

19. Also on February 17, 2016, Norah paid-off the full principal balance on mortgage loan number 767 with Grand Ridge National Bank and owed by Defendants.

20. Also on February 17, 2016, Norah paid-off the full principal balance owed on commercial loan number 7882 with Grand Ridge National Bank and owed by Defendants.

21. On March 4, 2016, Norah withdrew $100,000 from Defendants' Account.

22. Commencing at least in November of 2014 and continuing to the Petition Date, a creditor existed with standing to bring an action against Blackrock to avoid the Transfers under applicable non-bankruptcy law, including potentially, the IRS. To the extent the IRS is a creditor, the reachback period for avoiding Transfers is at least 10 years.

23. At all times relevant hereto, the Debtor was insolvent, undercapitalized or unable to pay its debts.

24. At the time of the Transfer, the Debtor was not paying its debts as they came due.

### COUNT I. AVOIDANCE OF TRANSFER (§ 548(a)(1)(A))

25. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

26. Section 548 of the Bankruptcy Code provides that "[t]he trustee may avoid any transfer … of an interest of the debtor in property … that was made … on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily … made such transfer … with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made … indebted." 11 U.S.C. § 548(a)(1)(A).

4

27. As described above, the Transfer occurred within two years of the Petition Date.

28. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

29. Norah caused Blackrock to make the Transfer with actual intent to hinder, delay or defraud existing and/or future creditors.

30. Multiple badges of fraud exist regarding the Transfer, including: (1) the Transfer was made to an insider; (2) the Debtor was insolvent at the time of the Transfer or became insolvent shortly after the Transfer was made; and (3) the Debtor did not receive reasonably equivalent value for the Transfer.

**WHEREFORE**, with respect to Count I, the Trustee respectfully requests a judgment that, among other things:

    a. Avoids the Transfer made to Defendants within two years of the Petition Date as actual fraudulent transfers under 11 U.S.C. § 548(a)(1)(A) (the "*548(a)(1)(A) Transfer*");

    b. Awards the Trustee a monetary judgment against Defendants in the amount of the 548(a)(1)(A) Transfer; and

    c. Awards such other and further relief as is warranted.

### COUNT II. AVOIDANCE OF TRANSFER (§ 548(a)(1)(B))

31. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

32. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

33. Under 11 U.S.C. § 548(a)(1)(B), a transfer or an obligation is avoidable if incurred or made within two years of the Petition Date and the Debtor received less than a reasonably equivalent value in exchange for such

transfer or obligation and (a) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent because of such transfer or obligation, or (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital or (c) intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as such debts matured. 11 U.S.C. § 548(a)(1)(B).

34. The Transfer occurred within two (2) years of the Petition Date.

35. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

36. The Debtor did not receive reasonably equivalent value in exchange for making the Transfer.

37. The Transfer was made while the Debtor was insolvent, undercapitalized or unable to pay its debts.

**WHEREFORE**, the Trustee respectfully requests a judgment that among other things.

  a. Avoids the Transfer made within two years of the Petition Date as constructive fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B) (the "***548(a)(1)(B) Transfer***");

  b. Awards the Trustee a monetary judgment against Defendants in the amount of the 548(a)(1)(B) Transfer; and

  c. Grants such other and further relief as warranted.

### COUNT III. AVOIDANCE OF TRANSFER (§ 544 and IFTA § 160/5(a)(1))

38. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

39. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

40. Section 5 of the Illinois Uniform Fraudulent Transfer Act (the "***IFTA***"), provides that "[a] transfer made … by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made …, if the debtor made the transfer … with actual intent to hinder, delay, or defraud any creditor of the debtor …." 740 ILCS 160/5(a)(1).

41. The Transfer occurred within four (4) years of the Petition Date.

42. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

43. Norah caused Blackrock to make the Transfer with actual intent to hinder, delay or defraud existing and/or future creditors.

44. Multiple badges of fraud exist regarding the Transfer, including: (1) the Transfer was made to an insider; (2) the Debtor was insolvent at the time of the Transfer or became insolvent shortly after the Transfer was made; and (3) the Debtor did not receive reasonably equivalent value for the Transfer.

**WHEREFORE**, the Trustee respectfully requests a judgment, that, among other things:

   a. Avoids the Transfer made within four years of the Petition Date as actual fraudulent transfers pursuant to 11 U.S.C. § 544 and 740 ILCS 160/5(a)(1) (the "***IFTA Actual Fraud Transfer***");

   b. Awards the Trustee a monetary judgment against Defendants in the amount of the IFTA Actual Fraud Transfer; and

   c. Grants such other and further relief as is warranted.

## COUNT IV. AVOIDANCE OF TRANSFER (§ 544 and IFTA §§ 5(a)(2) and (6)(a))

45. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

7

46. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

47. Section 5(a) of the IFTA, provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: …(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

48. Section 6 of the IFTA further provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

49. The Transfer occurred within four (4) years of the Petition Date.

50. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

51. The Debtor did not receive reasonably equivalent value in exchange for making the Transfer.

52. The Debtor was insolvent at the time of the Transfer.

53. At the time of the Transfer, the Debtor was engaged in a business or transaction for which its remaining assets were unreasonably small and

it intended to incur and reasonably believed it would incur debts beyond its ability to pay as they became due.

**WHEREFORE**, the Trustee respectfully requests a judgment that, among other things:

    a. Avoids the Transfer as constructively fraudulent transfers under 11 U.S.C. § 544 and 740 ILCS §§ 5(a) and 6(a) (the "***IFTA Constructive Fraud Transfer***");

    b. Awards the Trustee a monetary judgment against Defendants in the amount of the IFTA Constructive Fraud Transfer; and

    c. Awards such other and further relief as is warranted.

### COUNT V. RECOVERY OF AVOIDED TRANSFER (§ 550)

54. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

55. Defendants were the initial transferees of the Transfer, including the 548(a)(1)(A) Transfer, the 548(a)(1)(B) Transfer, the IFTA Actual Fraud Transfer, and the IFTA Constructive Fraud Transfer.

56. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendants the value of the Transfer, including the 548(a)(1)(A) Transfer, the 548(a)(1)(B) Transfer, the IFTA Actual Fraud Transfer, and the IFTA Constructive Fraud Transfer, plus pre-judgment interest from the date of such transfers and post-judgment interest and costs.

**WHEREFORE**, with respect to Count V, the Trustee respectfully requests a judgment that, among other things:

    a. Awards the Trustee a monetary judgment against Defendants in the amount of the 548(a)(1)(A) Transfer, the 548(a)(1)(B) Transfer, the IFTA Actual Fraud Transfer, and the IFTA Constructive Fraud Transfer, plus pre-

judgment interest from the date of such transfers and post-judgment interest and costs; and

b. Awards such other and further relief as is warranted.

### COUNT VI. UNLAWFUL DISTRIBUTION (IBCA § 8.65 and 9.10)

57. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

58. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

59. Section 9.10 of the Illinois Business Corporation Act (the "***IBCA***"), provides an Illinois corporation may not issue a distribution to shareholders "if, after giving it effect: (1) the corporation would be insolvent; or (2) the net assets of the corporation would be less than zero or less than the maximum amount payable at the time of distribution to shareholders having preferential rights in liquidation if the corporation were then to be liquidated."

60. Section 8.65(a)(1) of IBCA provides that "directors of a corporation who vote for or assent to any distribution prohibited by Section 9.10 of this Act [805 ILCS 5/9.10] shall be jointly and severally liable to the corporation for the amount of such distribution."

61. At the time of the Transfers, Norah was a shareholder of Blackrock and was the recipient of the Transfer.

62. The Transfer was a distribution to shareholders.

63. The Transfer occurred while the Debtor was insolvent.

**WHEREFORE**, the Trustee respectfully requests a judgment that, among other things:

a. Avoids the Transfer as an unlawful distribution under 805 ILCS §§ 5/8.65 and 9.10 (the "***Unlawful Distribution***");

10

b. Awards the Trustee a monetary judgment against Norah in the amount of the Unlawful Distribution; and

c. For such other and further relief as warranted.

### COUNT VII. DISALLOWANCE OF ALL CLAIMS 11 U.S.C. § 502(d) AND (j)

64. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count.

65. Defendants are transferees of the Transfer, which are avoidable under 11 U.S.C. §§ 544 and/or 548, which property is recoverable under 11 U.S.C. § 550.

66. Defendants have not paid the amount of the Transfer, or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

67. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or assignees, against the Debtor's chapter 7 estate must be disallowed until such time as Defendants pay to the Trustee an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

68. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants must be reconsidered and disallowed until such time as Defendants pays to the Trustee an amount equal to the aggregate amount of the Transfer plus interest thereon and costs.

**WHEREFORE**, the Trustee respectfully requests a judgment that, among other things:

a. Disallows any claims held or filed by any of the Defendants against the Debtor until Defendants returns the Transfer to the Trustee; and

b. Awards such other and further relief as warranted.

Dated: May 7, 2019

**Michael K. Desmond,** not individually but solely as the chapter 7 trustee of the bankruptcy estate of Blackrock Burr Ridge, Inc.

By: */s/ William J. Factor*
One of his attorneys

William J. Factor (6205675)
Angela M. Snell (6307044)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (847) 239-7248
Fax:    (847) 574-8233
Email:  wfactor@wfactorlaw.com
          asnell@wfactorlaw.com