**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| BLACKROCK BURR RIDGE, INC., ) | Case No. 17-33456 |
| ) | Hon. Jacqueline P. Cox |
| *Debtor.* ) | |
| _____) | |
| MICHAEL K. DESMOND, not individually, but ) | |
| Solely as Chapter 7 Trustee for the Estate of ) | |
| Blackrock Burr Ridge, Inc., ) | |
| ) | Adv. No. 19-00686 |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| NORAH SHEEHAN and JOSEPH SHEEHAN, ) | |
| ) | |
| *Defendants*. ) | |
| _____) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
NORAH SHEEHAN AND JOSEPH SHEEHAN TO CHAPTER 7 TRUSTEE'S
<u>COMPLAINT TO AVOID TRANSFERS AND OTHER RELIEF</u>**

Defendants, NORAH SHEEHAN (individually, "<u>Norah</u>") and JOSEPH SHEEHAN (individually, "<u>Joseph</u>" and collectively, with Norah, the "<u>Defendants</u>"), hereby submit their Answer and Affirmative Defenses to the *Complaint to Avoid Transfers and Other Relief* (the "<u>Complaint</u>"), filed against the Defendants by MICHAEL K. DESMOND, not individually, but solely as Chapter 7 Trustee (the "<u>Plaintiff</u>") for the Bankruptcy Estate of BLACKROCK BURR RIDGE, INC. (the "<u>Debtor</u>"), stating as follows:

**NATURE OF THE CASE**

1. Pursuant to sections 544, 548, and 550 of 11 U.S.C. § 101 et seq. (the "***Bankruptcy Code***"), the Trustee seeks to avoid and recover from Defendants or any other entity for whose such benefit certain Transfers were made, any Transfers by the Debtor that occurred up to 10 years before the petition date that were made for less than reasonably equivalent value.

1

**ANSWER**: The Defendants admit that the Trustee seeks to avoid and recover certain Transfers identified in the Complaint pursuant to sections 544, 548 and 550 of the Bankruptcy Code. The Defendants deny that the Trustee is entitled to any such relief. The Defendants deny the remaining allegations of paragraph 1 of the Complaint.

2. In addition, the Trustee seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendants may assert against the Debtor. The Trustee does not waive but hereby reserves all rights and the rights of the estate to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) to (j) of the Bankruptcy Code.

**ANSWER**: The Defendants admit that the Trustee seeks to disallow any claims that the Defendants may assert against the Debtor. The Defendants deny that the Trustee is entitled to any such relief. The Defendants deny the remaining allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION

3. This adversary proceeding arises in Blackrock's chapter 7 bankruptcy case, pending before this Court as case number 17-33456 (the "*Case*").

**ANSWER**: The Defendants admit the allegations set forth in paragraph 3 of the Complaint.

4. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 4 of the Complaint.

5. This is a core proceeding under 28 U.S.C. §§157(b)(2)(E) and (H), and this Court has constitutional authority to enter final judgments and orders thereon. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Trustee consents, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering all appropriate orders and judgments on a final basis.

**ANSWER**: The Defendants lack sufficient knowledge to either admit or deny whether the Trustee consents to a bankruptcy judge hearing and finally determining the proceeding and entering all appropriate orders and judgments on a final basis and, therefore, deny such allegations. The Defendants admit the remaining allegations set forth in paragraph 5 of the Complaint.

6. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 6 of the Complaint.

## FACTS COMMON TO ALL COUNTS

7. On November 8, 2017 (the "*Petition Date*"), Blackrock filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing the Case.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 7 of the Complaint.

**The Parties.**

8. Plaintiff is the duly appointed chapter 7 trustee of the bankruptcy estate of Blackrock.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 8 of the Complaint.

9. Blackrock is an active Illinois corporation.

**ANSWER**: The Defendants lack sufficient knowledge to either admit or deny the allegations set forth in paragraph 9 of the Complaint, and, therefore, deny such allegations.

10. Norah is, and has since 2007 been, a fifty percent (50%) shareholder of Blackrock.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11. Joseph is Norah's husband.

3

**ANSWER**: The Defendants admit the allegations set forth in paragraph 11 of the Complaint.

**The Transfer.**

12. On January 27, 2016, the Clerk of the Circuit Court of Cook County issued check number 1605 (the "*Check*") payable to Blackrock Burr Ridge, Inc. and Kreamer Law Group, Inc. in the amount of $1,458,060.35.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 12 of the Complaint.

13. On February 2, 2016, the Check was deposited into account number x6689 ("*Blackrock's Account*") at Grand Ridge National Bank and owned by Blackrock Burr Ridge Inc.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. On February 2, 2016, Grand Ridge National Bank issued money order 041371 payable to Kreamer Law Group LLC in the amount of $103,000.00 and the funds debited from Blackrock's Account.

**ANSWER**: The Defendants admit that Kreamer Law Group LLC was paid funds from the Debtor's account totaling $103,000.00 on or around February 2, 2016. The Defendants lack sufficient knowledge to either admit or deny the remaining allegations set forth in paragraph 14 of the Complaint and, therefore, deny such allegations.

15. On February 9, 2016, the balance of the Check proceeds, $1,355,060.35, was transferred (the "*Transfer*") from Blackrock's Account to account number x2375 ("*Defendants' Account*") also held at Grand Ridge National Bank and owned by Joseph and Norah.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16. The Transfer was made at Norah's direction.

4

**ANSWER**: The Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. On February 17, 2016, Norah debited $587,833.42 from Defendants' Account.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Also on February 17, 2016, Norah debited $656,000.00 from Defendants' Account.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Also on February 17, 2016, Norah paid-off the full principal balance on mortgage loan number 767 with Grand Ridge National Bank and owed by Defendants.

**ANSWER**: The Defendants admit that on or about February 17, 2016, Norah made a payment as against mortgage loan number 767 with Grand Ridge National Bank. The Defendants lack sufficient knowledge to either admit or deny the remaining allegations set forth in paragraph 19 of the Complaint and, therefore, deny such allegations.

20. Also on February 17, 2016, Norah paid-off the full principal balance owed on commercial loan number 7882 with Grand Ridge National Bank and owed by Defendants.

**ANSWER**: The Defendants admit that on or about February 17, 2016, Norah made a payment as against mortgage loan number 7882 with Grand Ridge National Bank. The Defendants lack sufficient knowledge to either admit or deny the remaining allegations set forth in paragraph 20 of the Complaint and, therefore, deny such allegations.

21. On March 4, 2016, Norah withdrew $100,000 from Defendants' Account.

**ANSWER**: The Defendants lack sufficient knowledge to either admit or deny the allegations set forth in paragraph 21 of the Complaint and, therefore, deny such allegations.

22. Commencing at least in November of 2014 and continuing to the Petition Date, a creditor existed with standing to bring an action against Blackrock to avoid the Transfers under

applicable non-bankruptcy law, including potentially, the IRS. To the extent the IRS is a creditor, the reachback period for avoiding Transfers is at least 10 years.

**ANSWER**: The Defendants deny that the IRS is a creditor of the Debtor. The Defendants lack sufficient knowledge to either admit or deny the remaining allegations set forth in paragraph 22 of the Complaint, and, therefore, deny such allegations.

23. At all times relevant hereto, the Debtor was insolvent, undercapitalized or unable to pay its debts.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. At the time of the Transfer, the Debtor was not paying its debts as they came due.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 24 of the Complaint.

### COUNT I – AVOIDANCE OF TRANSFER (§548(a)(1)(A))

25. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

**ANSWER**: The Defendants incorporate each of their Answers to the other allegations of the Complaint as though fully set forth herein.

26. Section 548 of the Bankruptcy Code provides that "[t]he trustee may avoid any transfer … of an interest of the debtor in property … that was made … on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily … made such transfer … with actual intent to hinder, delay or defraud any entity to which the debtor was or became, on or after the date that such transfer was made … indebted." 11 U.S.C. § 548(a)(1)(A).

**ANSWER**: The Defendants admit that the Trustee has accurately paraphrased the provisions of Section 548(a)(1)(A) of the Bankruptcy Code. The Defendants deny that the Trustee is entitled to any relief under section 548(a)(1)(A) of the Bankruptcy Code.

27. As described above, the Transfer occurred within two years of the Petition Date.

6

**ANSWER**: The Defendants admit that the Transfer occurred within two years of the Petition Date. The Defendants deny the remaining allegations of paragraph 27 of the Complaint.

28. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 28 of the Complaint.

29. Norah caused Blackrock to make the Transfer with actual intent to hinder, delay or defraud existing and/or future creditors.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. Multiple badges of fraud exist regarding the Transfer, including: (1) the Transfer was made to an insider; (2) the Debtor was insolvent at the time of the Transfer or became insolvent shortly after the Transfer was made; and (3) the Debtor did not receive reasonably equivalent value for the Transfer.

**ANSWER**: The Defendants admit that Norah is an insider of the Debtor. The Defendants deny the remaining allegations set forth in paragraph 30 of the Complaint.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing Count I of the Trustee's Complaint, with prejudice; (ii) denying any and all relief requested in Count I of the Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

### COUNT II – AVOIDANCE OF TRANSFER (§ 548(a)(1)(B))

31. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

**ANSWER**: The Defendants incorporate each of their Answers to the other allegations of the Complaint as though fully set forth herein.

32. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

**ANSWER**: The Defendants lack sufficient knowledge to either admit or deny the allegations set forth in paragraph 32 of the Complaint and, therefore, deny such allegations.

33. Under 11 U.S.C. § 548(a)(1)(B), a transfer or an obligation is avoidable if incurred or made within two years of the Petition Date and the Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation and (a) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent because of such transfer or obligation, or (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital or (c) intended to incur, or believed that the debtor would incur, debts beyond the debtor's ability to pay as such debts matured. 11 U.S.C. § 548(a)(1)(B).

**ANSWER**: The Defendants admit that the Trustee has accurately paraphrased a portion of section 548(a)(1)(B) of the Bankruptcy Code. The Defendants deny that the Trustee is entitled to any relief pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

34. The Transfer occurred within two (2) years of the Petition Date.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 34 of the Complaint.

35. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 35 of the Complaint.

36. The Debtor did not receive reasonably equivalent value in exchange for making the Transfer.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 26 of the Complaint.

37. The Transfer was made while the Debtor was insolvent, undercapitalized or unable to pay its debts.

**ANSWER**:   The Defendants deny the allegations set forth in paragraph 37 of the Complaint.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing Count II of the Trustee's Complaint, with prejudice; (ii) denying any and all relief requested in Count II of the Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

### COUNT III – AVOIDANCE OF TRANSFER (§ 544 and IFTA § 160/5(a)(1))

38. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

**ANSWER**:   The Defendants incorporate each of their Answers to the other allegations of the Complaint as though fully set forth herein.

39. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

**ANSWER**:   The Defendants lack sufficient knowledge to either admit or deny the allegations set forth in paragraph 39 of the Complaint, and, therefore, deny such allegations.

40. Section 5 of the Illinois Uniform Fraudulent Transfer Act (the "*IFTA*"), provides that "[a] transfer made … by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made …, if the debtor made the transfer … with actual intent to hinder, delay, or defraud any creditor of the debtor …." 740 ILCS 160/5(a)(1).

**ANSWER**:   The Defendants admit that the Trustee has accurately paraphrased a portion of the IFTA, 740 ILCS § 160/5(a)(1). The Defendants deny that the Trustee is entitled to any relief pursuant to the IFTA, 740 ILCS § 160/5(a)(1).

41. The Transfer occurred within four (4) years of the Petition Date.

**ANSWER**:   The Defendants admit the allegations set forth in paragraph 41 of the Complaint.

42. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 42 of the Complaint.

43. Norah caused Blackrock to make the Transfer with actual intent to hinder, delay or defraud existing and/or future creditors.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Multiple badges of fraud exist regarding the Transfer, including: (1) the Transfer was made to an insider; (2) the Debtor was insolvent at the time of the Transfer or became insolvent shortly after the Transfer was made; and (3) the Debtor did not receive reasonably equivalent value for the Transfer.

**ANSWER**: The Defendants admit that the Transfer was made to an insider of the Debtor. The Defendants deny the remaining allegations set forth in paragraph 44 of the Complaint.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing Count III of the Trustee's Complaint, with prejudice; (ii) denying any and all relief requested in Count III of the Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

**COUNT IV – AVOIDANCE OF TRANSFER (§ 544 and IFTA §§ 5(a)(2) and (6)(a))**

45. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

**ANSWER**: The Defendants incorporate each of their Answers to the other allegations of the Complaint as though fully set forth herein.

46. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

**ANSWER**:  The Defendants lack sufficient knowledge to either admit or deny the allegations set forth in paragraph 46 of the Complaint, and, therefore, deny such allegations.

47. Section 5(a) of the IFTA, provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: …(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor: (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

**ANSWER**:  The Defendants admit that the Trustee has accurately paraphrased from the IFTA, 740 ILCS § 160/5(a)(2). The Defendants deny that the Trustee is entitled to any relief pursuant to the IFTA, 740 ILCS § 160/5(a)(2).

48. Section 6 of the IFTA further provides that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

**ANSWER**:  The Defendants admit that the Trustee has accurately paraphrased from the IFTA, 740 ILCS § 160/6. The Defendants deny that the Trustee is entitled to any relief pursuant to the IFTA, 740 ILCS § 160/6.

49. The Transfer occurred within four (4) years of the Petition Date.

**ANSWER**:  The Defendants admit the allegations set forth in paragraph 49 of the Complaint.

50. The Transfer constitutes a transfer of an interest in the Debtor's property to Defendants.

**ANSWER**: The Defendants admit the allegations set forth in paragraph 50 of the Complaint.

51. The Debtor did not receive reasonably equivalent value in exchange for making the Transfer.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52. The Debtor was insolvent at the time of the Transfer.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. At the time of the Transfer, the Debtor was engaged in a business or transaction for which its remaining assets were unreasonably small and it intended to incur and reasonably believed it would incur debts beyond its ability to pay as they became due.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 53 of the Complaint.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing Count IV of the Trustee's Complaint, with prejudice; (ii) denying any and all relief requested in Count IV of the Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

**COUNT V – RECOVERY OF AVOIDED TRANSFER (§ 550)**

54. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

**ANSWER**: The Defendants incorporate each of their Answers to the other allegations of the Complaint as though fully set forth herein.

55. Defendants were the initial transferees of the Transfer, including the 548(a)(1)(A) Transfer, the 548(a)(1)(B) Transfer, the IFTA Actual Fraud Transfer, and the IFTA Constructive Fraud Transfer.

**ANSWER**: The references in paragraph 55 of the Complaint to the undefined terms "548(a)(1)(A) Transfer", "548(a)(1)(B) Transfer", "IFTA Actual Fraud Transfer" and "IFTA Constructive Fraud Transfer" constitute vague generalizations and characterizations, and to the extent a response is required, the Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56. Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendants the value of the Transfer, including the 548(a)(1)(A) Transfer, the 548(a)(1)(B) Transfer, the IFTA Actual Fraud Transfer, and the IFTA Constructive Fraud Transfer, plus pre-judgment interest from the date of such transfers and post-judgment interest and costs.

**ANSWER**: The references in paragraph 56 of the Complaint to the undefined terms "548(a)(1)(A) Transfer", "548(a)(1)(B) Transfer", "IFTA Actual Fraud Transfer" and "IFTA Constructive Fraud Transfer" constitute vague generalizations and characterizations, and to the extent a response is required, the Defendants deny the allegations set forth in paragraph 56 of the Complaint.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing Count V of the Trustee's Complaint, with prejudice; (ii) denying any and all relief requested in Count V of the Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

### COUNT VI – UNLAWFUL DISTRIBUTION (IBCA § 8.65 and 9.10)

57. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

**ANSWER**: The Defendants incorporate each of their Answers to the other allegations of the Complaint as though fully set forth herein.

58. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

**ANSWER**: The Defendants lack sufficient knowledge to either admit or deny the allegations set forth in paragraph 58 of the Complaint and, therefore, deny such allegations.

59. Section 9.10 of the Illinois Business Corporation Act (the "*IBCA*"), provides an Illinois corporation may not issue a distribution to shareholders "if, after giving it effect: (1) the corporation would be insolvent; or (2) the net assets of the corporation would be less than zero or less than the maximum amount payable at the time of distribution to shareholders having preferential rights in liquidation if the corporation were then to be liquidated."

**ANSWER**: The Defendants admit that the Trustee has accurately paraphrased from paragraph 9.10 of the IBCA. The Defendants deny that the Trustee is entitled to any relief under paragraph 9.10 of the IBCA.

60. Section 8.65(a)(1) of IBCA provides that "directors of a corporation who vote for or assent to any distribution prohibited by Section 9.10 of this Act [805 ILCS 5/9.10] shall be jointly and severally liable to the corporation for the amount of such distribution."

**ANSWER**: The Defendants admit that the Trustee has accurately paraphrased from paragraph 8.65(a)(1) of the IBCA. The Defendants deny that the Trustee is entitled to any relief under paragraph 9.10 of the IBCA.

61. At the time of the Transfers, Norah was a shareholder of Blackrock and was the recipient of the Transfer.

**ANSWER**: The references in paragraph 61 of the Complaint to the undefined term "Transfers" constitutes a vague generalization and characterization, and to the extent a response is required, the Defendants deny the allegations set forth in paragraph 61 of the Complaint. Answering further, the Defendants admit that Norah was a shareholder of the Debtor and was a recipient of the Transfer.

62. The Transfer was a distribution to shareholders.

14

**ANSWER**: The Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63. The Transfer occurred while the Debtor was insolvent.

**ANSWER**: The Defendants Deny the allegations set forth in paragraph 63 of the Complaint.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing Count VI of the Trustee's Complaint, with prejudice; (ii) denying any and all relief requested in Count VI of the Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

### COUNT VII – DISALLOWANCE OF ALL CLAIMS 11 U.S.C. § 502(d) AND (j)

64. The Trustee incorporates all previous allegations of this Complaint as though fully set forth in this Count.

**ANSWER**: The Defendants incorporate each of their Answers to the other allegations of the Complaint as though fully set forth herein.

65. Defendants are transferees of the Transfer, which are avoidable under 11 U.S.C. §§ 544 and/or 548, which property is recoverable under 11 U.S.C. § 550.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66. Defendants have not paid the amount of the Transfer, or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

**ANSWER**: The Defendants admit that they have not paid the amount of the Transfer or otherwise turned over such property to the Trustee. The Defendants deny the remaining allegations set forth in paragraph 66 of the Complaint.

67. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or assignees, against the Debtor's chapter 7 estate must be disallowed until such time as Defendants pay to the Trustee an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants must be reconsidered and disallowed until such time as Defendants pays to the Trustee an amount equal to the aggregate amount of the Transfer plus interest thereon and costs.

**ANSWER**: The Defendants deny the allegations set forth in paragraph 68 of the Complaint.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing Count VII of the Trustee's Complaint, with prejudice; (ii) denying any and all relief requested in Count VII of the Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

As and for their Affirmative Defenses to the Complaint, the Defendants hereby allege as follows:

1. Each count of the Complaint fails to state a claim against the Defendants upon which relief can be granted.

2. To the extent that the Defendants received the Transfer at-issue, the Defendants took such Transfer for value, including as satisfaction of a present or antecedent debt, in good faith, and without knowledge of the alleged voidability of the Transfers.

3. The Debtor received reasonably equivalent value for the Transfer, because the Transfer was made to Norah in exchange for the satisfaction a present or antecedent debt.

4. The Debtor was not insolvent at the time of the Transfer or rendered insolvent by the Transfer.

5. The Transfer was repayment of loans made by Norah to the Debtor rather than distributions on equity, such that no actionable "unlawful distribution" under 805 ILCS §§ 5/8.65 and/or 9.10 occurred.

6. Norah has a claim against the Debtor that may be setoff against any amounts that the Trustee seeks to recover on behalf of the Debtor pursuant to 11 U.S.C. § 553 and applicable state law.

7. The Plaintiff is not entitled to recover interest, attorneys' fees and/or costs.

8. The Defendants reserve the right to assert additional affirmative defenses based on discovery or other appropriate bases.

WHEREFORE, Defendants, NORAH SHEEHAN and JOSEPH SHEEHAN respectfully request the entry of an Order: (i) dismissing the Trustee's Complaint in its entirety, with prejudice; (ii) denying any and all relief requested in Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

Respectfully Submitted,

NORAH SHEEHAN and JOSEPH SHEEHAN, *Defendants*

By: Brian P. Welch
One of their attorneys

**DEFENDANTS' COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch (Atty. No. 6307292)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, IL 60611
TEL: (312) 840-7000  FAX: (312) 840-7900