**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BLACKROCK BURR RIDGE, INC., | ) | Bankruptcy No. 17-33456 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| MICHAEL K. DESMOND, not individually, but Solely as Chapter 7 Trustee for the Estate of BLACKROCK BURR RIDGE, Inc. | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Adversary No. 19 A 00686 |
| v. | ) ) | |
| Norah Sheehan | ) ) | **F I L E D** |
| Defendant. | ) | **UNITED STATES BANKRUPTCY COURT** |
| | | **NORTHERN DISTRICT OF ILLINOIS** |
| | | **Sept. 5, 2023** |
| | | **JEFFREY P. ALLSTEADT, CLERK** |

**NOTICE OF MOTION**

To: See attached service list.

**Please take notice** that on **September 12, 2023, at 1:00 p.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, or before any other judge who may be sitting in her place, **either** in courtroom 680 of the Everett McKinsey Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and shall present the **Defendant's Motion to Dismiss Plaintiff's Adversary Complaint Pursuant to FRCP 12(c) and Defendant's Memorandum of Law in Support of Her Motion to Dismiss,** a copy of which is attached hereto and herewith served upon you.

**This motion** will be presented and heard in person **and/or** electronically using Zoom for Government. To appear and be heard on the motion electronically, you must do the following:

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com. Then enter the meeting ID and passcode. The meeting ID for this hearing is 161 273 2896 and the passcode is 778135.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password. The meeting ID for this hearing is 161 273 2896 and the passcode is 778135.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

By: Norah E. Sheehan

Pro Se Defendant

## CERTIFICATE OF SERVICE

I, Norah E. Sheehan, Pro Se Defendant, hereby certify that on September 5, 2023, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified by Registrants on the Service List below, and upon William Factor, attorney for Michael K. Desmond (not individually, but solely as Chapter 7 Trustee for Blackrock Burr Ridge, Inc.), through email.

*Norah E. Sheehan*

Norah E. Sheehan

Pro Se Defendant

## SERVICE LIST

**Registrants in the Case**
(Service via ECF and email)

| | |
|---|---|
| William J. Factor | wfactor@wfactorlaw.com; wfactorlaw@gmail.com; bsass@wfactorlaw.com; bharlow@wfactorlaw.com |
| Justin R. Storer | jstorer@wfactorlaw.com |
| David K. Welch | dwelch@burkelaw.com; gbalderas@burkelaw.com |
| Brian P. Welch | bwelch@burkelaw.com |
| Norah E. Sheehan | norahsheehan1972@gmail.com |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BLACKROCK BURR RIDGE, INC., | ) | Bankruptcy No. 17-33456 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| MICHAEL K. DESMOND, not individually, but Solely as Chapter 7 Trustee for the Estate of BLACKROCK BURR RIDGE, Inc. | ) ) ) ) | |
| Plaintiff, | ) | Adversary No. 19 A 00686 |
| v. | ) | |
| Norah Sheehan | ) | |
| Defendant. | ) | |

**F I L E D**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**Sept. 5, 2023**

**JEFFREY P. ALLSTEADT, CLERK**

<u>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT
PURSUANT TO FRCP 12(c) AND DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF HER MOTION TO DISMISS</u>

NOW COMES the Defendant, NORAH SHEEHAN as Pro Se Defendant, in support of her Motion to Dismiss Plaintiff's Adversary Complaint Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP 12(c)") and Defendant's Memorandum of Law in Support of Her Motion to Dismiss, states as follows.

1. The seven counts stated in the plaintiff's adversary complaint should be dismissed by this Court pursuant to FRCP 12(c) inasmuch as under the Plaintiff's claims, the Trustee lacks standing to bring this action against the Defendant. It is well-established in an array of Illinois

1

bankruptcy cases that the Trustee lacks standing to bring a personal claim of a creditor. In *Koch Refining v. Farmer's Union Central Exchange, Inc.*, 831 F.2d 1339, 1348 (7th Cir. 1987), the Court stated "the trustee has no standing to bring personal claims of creditors. A cause of action is 'personal' if the claimant himself is harmed and no other claimant or creditor has an interest in the cause."

2. Similarly, in the 1998 case of *Fisher v Apostolou,* 155 F.3d 876, 879 (7th Cir. 1998), the Court echoed the *Koch* Court in stating: "*Koch* also points out, however, that the trustee has no standing to bring personal claims of creditors, which the court defined as those in which the claimant is harmed, and no other claimant or creditor has an interest in the cause."

3. And as recently as 2016, the *Honorable Cox* Court reiterated the same principle, citing from *Fisher* at 879-80, that "A trustee has no standing, however, to bring a claim that is personal to a single creditor for damages suffered solely by that creditor." *Cox v. Smith (In re Central Illinois Energy Cooperative,* 561 B.R. 699, Bankr. C.D. Illinois 2016.)

4. In the case at bar, the Debtor corporation has only one creditor, and only one creditor 'has an interest in the cause', Sterling Bay Companies, LLC ("Sterling Bay"). According to the Adversary Complaint, a copy of which is attached hereto as **Exhibit A**, the transfer at issue took place in February of 2016 (**Ex. A,** ¶¶ 15 – 21). However, according to an affidavit of Daniel Tarpey, attorney for the creditor, a copy of which is attached hereto as **Exhibit B**, the creditor obtained a judgement against the debtor for attorneys' fees from the state circuit court on May 25, 2017, approximately 15 months after the transfer (**Ex. B,** ¶¶ 9). Furthermore, an affidavit of Bernard Sheehan, president of the debtor, a copy of which is attached hereto as **Exhibit C**, also references May 25, 2017 as the date the creditor, Sterling Bay, obtained a

2

judgement against the debtor for attorneys' fees (**Ex. C, ¶¶ 10**).

5. The underlying bankruptcy was filed on November 8, 2017, approximately 6 months after the creditor obtained its judgement and approximately 21 months after the transfer. Under the above sequence of events, in which the transfer took place some 15 months before the creditor obtained a judgement against the corporation, it is very hard to understand how a fraudulent transfer took place.

6. Nevertheless, in an apparent move in favor of one creditor, Sterling Bay, the Trustee filed a case for which he had no standing. The Trustee's function is not to substitute the U.S. Bankruptcy Court's resources for those of the single creditor in recovering property, and as the trustee's protective function was not warranted under the circumstances, the Trustee has wrongly entered this case in an act of unwarranted support of a single creditor, Sterling Bay, violating his proper function as an officer of the Court.

7. **There is only One Creditor, and only One Creditor 'has an interest in the cause'.** It is axiomatic that the function of the Bankruptcy Court, and therefore its Trustee, is the protection of both Estate and Creditors during the course of the action. The Court protects the assets of the estate and the interest of the creditors by assuring that, within certain standards, assets of the estate are fairly and evenly distributed within the totality of claims presented by an array of creditors.

8. In this case, although the Plaintiff consistently makes reference to "creditors", there is but one single creditor, Sterling Bay. Sterling Bay is a former business partner of Blackrock Burr Ridge, Inc., and it's claiming attorney fees arising from previous litigation Blackrock Burr Ridge, Inc. brought against the claimant in state circuit court, which is where this

case should have been heard and where the Defendant would have all her rights as a U.S. Citizen to counterclaim, as an example of such rights. Accordingly, the Trustee's function of protecting each creditor from the other, ensuring a fair result, does not exist in the instant matter. In a case brought for the benefit of a single creditor, the involvement of the trustee (and therefore the Court) is both unnecessary and inappropriate, circumstances giving rise to the reasonable conclusion that the instant adversary case should never have been filed.

9. The Seventh Circuit Case of *Koch Refining*, 831 F.2d 1339, 1342 (7th Cir. 1987) describes the Trustee's function as follows: "The Trustee represents not only the rights of the debtor but also the interests of the creditors of the debtor…[T]he Trustee, in his capacity as a creditor, may bring suit to reach property or choses in action belonging to the estate **that will then be distributed to all creditors.**' [Emphasis added.] The Trustee in the present action, however, has brought a case that impinges on the time and resources of the Court that was wholly unnecessary to the interest of the single creditor.

10. It is apparent that Sterling Bay had a strong interest in acting to recover their awarded attorney fees. Knowing that the money alleged to have been fraudulently transferred was intended for payment of legal fees associated with the creditor's case against the Defendant, the motivation of that party may be assumed to have been compelling. Sterling Bay certainly had the opportunity to pursue its case by its own effort, and in the proper forum, the state circuit court.

11. The Trustee's improper, unwarranted, and inexplicable involvement, then, has laid the matter at the doorstep of the Bankruptcy Court with all the concomitant expenditure of judicial resources of the U.S Trustee, while simultaneous denying the defendant her rights

compared to if the case was handled in the state circuit court, where the defendant could exercise more of her rights, including the right to counterclaim.

12. As we are instructed by the Court in *In re: American Telecom Corp.*, 03 B 36296, Bankr. N.D. Ill. Feb. 3, 2004, a Chapter 7 bankruptcy case should not be used as a litigation tool by the Trustee when the single creditor has a clear claim to the transferred funds and there are no other creditors among whom to distribute the funds that will presumably be recovered under the unique function of the Trustee as defined by the Code. As the system was not designed for such use and as the Court is not a necessary party to the resolution of the matter, the instant action is disrespectful of this Court's interest in orderly operation and in the furthering of judicial economy. The single creditor who claims to have been damaged by the alleged transfer is the better plaintiff, and the state circuit court is the better forum.

13. If Sterling Bay wanted to, they could have brought this case on their own in the state circuit court, using their own abundant resources. Furthermore, in the bankruptcy court, opposed to the state circuit court, the defendant has no right to bring counterclaims against the claimant, and has no restitution for damages. The defendant may have counterclaims, and that right should not be denied to her. Concurrently, the defendant is stigmatized by the reality of being litigated against by the U.S. Government for 'fraud', rather than being litigated against by the claimant in state circuit court.

14. One example of a potential counterclaim would be in relation to discrepancies in the Title of the Burr Ridge Medical Center property; a claim not yet explored but mentioned in all depositions in this action. The defendant had a claim here for issues related to the Title transfer of the property.

WHEREFORE, Defendant, NORAH SHEEHAN respectfully requests the entry of an ORDER: (i) dismissing the Trustee's Complaint in its entirety, with prejudice; (ii) denying any and all relief requested in Trustee's Complaint; and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

Dated: September 5, 2023

Respectfully submitted,

*Norah E. Sheehan*

Norah E. Sheehan

Pro Se Defendant

norahsheehan1972@gmail.com